UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER HUDSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )  No.: 16-cv-4230-JBM |
| | ) |
| **KUL SOOD and WEXFORD HEALTH,** | ) |
| **SERVICES, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

### MERIT REVIEW AMENDED COMPLAINT

Plaintiff, proceeding pro se, files an amended complaint alleging deliberate indifference to his serious medical needs at the Hill Correctional Center ("Hill"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On June 12, 2015, Plaintiff injured his left hand in a fight. He complained of pain to an unidentified nurse and was ignored. On an unspecified subsequent date, Plaintiff

was seen by Defendant Dr. Sood.  He alleges that Dr. Sood failed to undertake a physical exam though he knew that Plaintiff's hand had been injured in a fight. Plaintiff alleges, further, that Defendant Sood did nothing to alleviate the hand pain he was experiencing.  On June 22, 2015,  x-rays were, and reported by Defendant Sood as negative for fracture.

Plaintiff claims that he continue to experience hand pain and on January 28, 2016, had additional x-rays. Plaintiff claims that an unidentified nurse practitioner told him that the x-rays were positive for a scaphoid fracture, an area at the base of the thumb.[1] Plaintiff was taken to a hospital in Galesburg, Illinois where a cast was applied. Plaintiff claims that the physician who applied the cast told him that the fracture dated back to the June 12, 2015 incident at Hill.

Plaintiff claims that the hand did not heal properly and on April 15, 2016, he underwent surgery by hand specialist, Dr. Mohoney.  Plaintiff claims that he continues to have pain and  restricted mobility in the left-hand due to the delay in treatment resulting from Dr. Sood's alleged failure to diagnosis the fracture.  As before, Plaintiff names Wexford in the caption but directs no allegations against it and does not claim that he was injured as a result of a Wexford policy.

 "The Eighth Amendment safeguards the prisoner against a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)(internal quotations and footnote omitted).  "Prison officials violate the Constitution if they are

---

[1] https://en.wikipedia.org/wiki/Scaphoid_fracture.

2

deliberately indifferent to prisoners' serious medical needs." *Id*. (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008).

Plaintiff states enough at this juncture to go forward on a claim of deliberate indifference for Dr. Sood's alleged misdiagnosis and failure to alleviate Plaintiff's pain symptoms. Plaintiff is cautioned, however, that if the matter proceeds to summary judgment he will be held to a higher standard to substantiate that the misdiagnosis demonstrated an absence of professional judgment. See *Williams v. Guzman*, 346 Fed. Appx. 102, 106 (7th Cir. 2009). Se also, *Whiting v. Wexford Health Sources, Inc.*, 2016 U.S. App. LEXIS 18416 * 7(a mistake in professional judgment does not rise to the level of deliberate indifference).

As noted, Plaintiff fails to allege any claims against Wexford and merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998). Wexford is DISMISSED. The Court will, however, add a Doe Nurse to the caption as Plaintiff alleges that on or about June 12, 2015, he complained to of pain to this individual and was ignored.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed against solely Dr. Sood and a Doe Nurse for deliberate indifference to Plaintiff's serious medical needs. The Doe Nurse is to be added to the caption. The Plaintiff is advised that it is his responsibility, through

disclosures and discovery to identify this individual.  Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.  Defendant Wexford Health Sources, Inc. is DISMISSED.

     2.     The Clerk is directed to send Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

     3.     If Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on t Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).  If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

     4.     Defendant shall file an answer within the prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

5. Plaintiff shall serve upon Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6. Once counsel has appeared for Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the depositions.

8. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANT PURSUANT TO THE STANDARD PROCEDURES; AND,

      2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

      LASTLY, IT IS ORDERED THAT IF DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

|  |  |
|---|---|
|    10/20/17<br>ENTERED |    s/Joe Billy McDade<br>JOE BILLY McDADE<br>UNITED STATES DISTRICT JUDGE |